SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

*Attorneys for Defendant*
**ANTHROPIC PBC**

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC, ET AL.,

Defendant.

Case No. 5:26-cv-00880-EKL-SVK

**DECLARATION OF NATALIE NAUGLE IN SUPPORT OF ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ANTHROPIC'S USAGE DATA INFORMATION**

Magistrate Judge Susan van Keulen

I, Natalie Naugle, declare the following:

1. I am Litigation & Regulatory Counsel, Associate General Counsel for Defendant Anthropic PBC ("Anthropic"). I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Local Rule 79-5(c) in support of Anthropic's Administrative Motion to File Under Seal in connection with the Joint Discovery Dispute Statement Regarding Anthropic's Preservation of Prompt and Output Records and the Declaration of Sarah Rodriguez In Support Of Anthropic's Position In Joint Discovery Dispute Statement Regarding Anthropic's Preservation of Prompt and Output Records, attached to Anthropic's Administrative Motion for Leave to File.

3. Pursuant to Local Rule 79-5(c) and this Court's Civil Standing Order Section VII.D, the following table identifies the material that Anthropic seeks to seal.

| **ECF No.** | **Document** | **Portion(s) to Seal** | **Reasons for Sealing** |
|---|---|---|---|
| N/A | Joint Discovery Dispute Statement re Anthropic's Preservation of Prompt and Output Records | Highlighted portions at pages 1:10, 2:20-21, 3:12, 3:23-24, 8:23-24, 8:26, 9:1 | The redacted language contains highly confidential nonpublic information relating to Anthropic's business practices and operations, including specific and sensitive metrics related to Claude usage, public disclosure of which would cause competitive harm to Anthropic. |
| N/A | Declaration of Sarah Rodriguez ISO Anthropic's Position in Joint Discovery Dispute Statement | Highlighted portions at pages 1:15-16, 1:18, 1:20, 1:22, 1:23-24, 2:5 | The redacted language contains highly confidential nonpublic information relating to Anthropic's business practices and operations, including specific and sensitive metrics related to Claude usage, public disclosure of which would cause competitive harm to Anthropic. |

4. Filing under seal is justified where there are "compelling reasons sufficient to outweigh the public's interest in disclosure," *Kamakana v. City and County of Honolulu*, 447 F.3d

1172, 1179 (9th Cir. 2006) (internal citation and quotation marks omitted), including where the information at-issue "might be used … 'as [a] source[] of business information that might harm a litigant's competitive standing,'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), or where disclosure would cause a party to "suffer competitive harm[.]" *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121 at *3 (N.D. Cal. Mar. 4, 2015). The Local Rules also require that sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

5. I have reviewed the Joint Discovery Dispute Statement Regarding Anthropic's Preservation of Prompt and Output Records and the Declaration of Sarah Rodriguez In Support Of Anthropic's Position In Joint Discovery Dispute Statement Regarding Anthropic's Preservation of Prompt and Output Records, and each contains highly confidential information regarding Anthropic's usage data, which is proprietary information that is not accessible to the public. The documents contain information about the number of Anthropic prompts and outputs generated over a given period of time.

6. Metrics regarding Claude usage, including but not limited to information about the number of prompts entered by Claude users during a given time period, is business-confidential, competitively sensitive information. *See N.Y. Times Co. v. OpenAI*, 23-cv-11195 (S.D.N.Y.), Dkt. 426 (sealing ChatGPT usage metrics (Dkt. 414)). Disclosing this proprietary information would give competitors and potential business partners unfair insights into Anthropic's business strategies relating to the relative importance of Anthropic's consumer and enterprise offerings or insights into its market share relative to competitors. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing "business information that might harm a litigant's competitive standing").

7. In the context of the *Concord I* litigation, this Court found that there was good cause to seal "metrics of how many prompts were submitted to Claude over periods of time" to the extent Anthropic had not publicly disclosed those metrics because the Court "agree[d] that, for a company whose bread-and-butter is generative artificial intelligence, the usage metrics of their most well-known AI product could give their competitors insight into their market share and thus may be

competitively sensitive." *See Concord et al. v. Anthropic PBC*, No. 24-cv-03811-EKL-SKV, Dkt. 378 at 2-4; *see also Concord I*, Dkt. 319.

8. The public disclosure of the information described in Paragraph 3 would create a significant risk of competitive harm for Anthropic by allowing Anthropic's competitors in a rapidly developing AI market or potential business partners to obtain business-sensitive information about Claude usage that they would not otherwise have access to. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2026.

*/s/ Natalie Naugle*
Natalie Naugle

Date: July 6, 2026

/s/ *Sonal N. Mehta*

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com

ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorneys for Defendant*
**ANTHROPIC PBC**

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document was obtained from the signatory of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 6, 2026

*<u>/s/ Sonal N. Mehta</u>*
Sonal N. Mehta