GRACE YANG (CA Bar No. 286635)
MIRANDA KANE (CA Bar No. 150630)
HAYK ESAGHOULYAN (CA Bar No. 349050)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel:    (415) 343-7100
Fax:    (415) 343-7101
Email: mkane@conmetkane.com
Email: gyang@conmetkane.com
Email: hesaghoulyan@conmetkane.com

*Attorneys for Defendant*
DR. DARIO AMODEI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC, PBC, DR. DARIO AMODEI, AND BENJAMIN MANN, <br><br> Defendants. | Case No. 5:26-cv-00880-EKL-SVK <br><br> **DEFENDANT DR. DARIO AMODEI'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS** <br><br> Judge: Hon. Eumi K. Lee <br> Date: November 4, 2026 <br> Time: 10:00 AM <br> Courtroom: 7 – 4th Floor |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on November 4, 2026, at 10:00 AM, or as soon thereafter as the matter may be heard before the Honorable Eumi K. Lee, United States District Judge, at the United States Courthouse, 280 South First Street, San Jose, CA 95113, Courtroom 7, 4th Floor, Defendant Dr. Dario Amodei, by and through his attorneys of record, will and does hereby move to dismiss Count I of Plaintiffs' Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The present motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file with the Court, any oral argument of counsel at the hearing, and any further papers or argument as may be submitted in connection with this motion.

Further, as required by Section VIII.A of the Court's Civil Standing Order, undersigned counsel certifies that on July 24, 2026, they met and conferred with Plaintiffs' counsel by videoconference to discuss the basis for this motion.

CASE NO. 5:26-CV-00880-EKL-SVK                          DEF. D. AMODEI'S NOTICE AND PARTIAL MTD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a straightforward motion to dismiss Plaintiffs' claim of direct copyright infringement ("Count I") as to Defendant Dr. Dario Amodei. In their Second Amended Complaint ("SAC"), Plaintiffs expend nearly 200 paragraphs to allege instances of unlawful copying (and thus, direct copyright infringement) by others. But the complaint asserts zero facts of any unlawful copying *by Dr. Amodei himself*. This alone dooms Plaintiffs' direct infringement claim as to Dr. Amodei,[1] and the Court must dismiss that claim against him with prejudice.

### II.    FACTUAL BACKGROUND

The factual allegations and procedural history are partly set forth in co-defendant Anthropic, PBC's pending motion to dismiss in part. The following adds other alleged facts, as pertinent to Dr. Amodei's present motion.

In 2021, Dr. Amodei, co-defendant Benjamin Mann, and several others founded Anthropic. Dkt. No. 93 ("SAC") ¶ 56. Anthropic develops and sells access to AI programs, by offering a suite of large language models referred to as "Claude." *Id.* ¶¶ 56–57. Anthropic trains these models on "massive collections of text," including from various online sources. *Id.*

Plaintiffs are music publishers who already sued Anthropic in a related matter still pending before this court, *Concord Music Group, Inc. et al. v. Anthropic, PBC*, 5:24-cv-03811-EKL-VK (N.D. Cal.) ("*Concord I*").[2] SAC ¶ 46. Plaintiffs now bring the present follow-on lawsuit to allege, among other claims, that certain Defendants unlawfully copied Plaintiffs' works by "torrenting" those works from pirate libraries and data sets. *See, e.g.*, *id.* ¶¶ 69, 70, 73. According to the SAC, "torrenting" is a process of sharing files by breaking those files into pieces and then re-distributing those pieces among multiple users. *Id.* ¶ 65. "Torrenting" is the sole type of unlawful copying alleged to support Plaintiffs' claim of direct copyright infringement against Dr. Amodei. *See id.* ¶ 139 (Count I labeled "Direct Copyright Infringement by Torrenting"); *id.* ¶¶ 140–146.

---

[1] This motion does not target the contributory infringement claim asserted against Dr. Amodei.

[2] Plaintiffs in both cases are a group of music publishers and their affiliates.  This case includes the same plaintiffs as *Concord I* plus eleven affiliated entities, all represented by the same counsel.

### III.   __PROCEDURAL HISTORY__

On January 28, 2026, Plaintiffs sued Defendants. Dkt. No. 1. Specifically, as to Dr. Amodei, Plaintiff's complaint only alleged one count of direct copyright infringement. *Id.* at 140–46. The parties then stipulated to adjust Defendants' response deadline. Dkt. No. 50.

On March 24, 2026, undersigned counsel met and conferred with Plaintiffs' counsel by videoconference. Yang Decl. ¶ 2. During that conference, undersigned counsel explained that Dr. Amodei expected to bring a motion to dismiss the direct copyright infringement claim against him because the complaint did not allege any facts showing that he himself had unlawfully copied Plaintiffs' works. Dkt. No. 50; *see* Yang Decl. ¶ 2.

Shortly thereafter, Plaintiffs indicated that they would file an amended complaint. Yang Decl. ¶ 3. Plaintiffs' First Amended Complaint ("FAC"), filed pursuant to stipulation on April 6, 2026, added a contributory infringement claim (Count III) to the existing direct infringement claim (Count I), but did not append any new facts supporting the latter. Dkt. No. 75 ¶¶ 140–146; 155–162. On May 20, the Court granted the parties' stipulation to voluntarily dismiss Plaintiffs' vicarious infringement claim (Count IV), after which Plaintiffs filed the now-operative SAC, removing Count IV and making no other changes. *See* Dkt. Nos. 92, 93. While the SAC also asserts other claims against other Defendants in this matter, the present motion only concerns the direct infringement claim against Dr. Amodei in Count I.

### IV.   __LEGAL STANDARD__

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient facts, accepted as true, to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although well-pleaded facts are presumed to be true at this stage, the Court does not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" when deciding a motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018); *see Boulton v. Community.com, Inc.*, No. 23-3145, 2025 WL 314813, at *1 (9th Cir. Jan. 28, 2025) (same); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055–1056 (9th Cir. 2008) (same).

CASE NO. 5:26-CV-00880-EKL-SVK                     DEF. D. AMODEI'S NOTICE AND PARTIAL MTD

## V.    ARGUMENT

### A.    The Direct Copyright Infringement Claim Fails Because There Are No Allegations That Dr. Amodei Unlawfully Copied Plaintiffs' Works.

In the SAC, Plaintiffs advance separate claims for both direct (Count I) and contributory (Count III) copyright infringement against Dr. Amodei. Their latest complaint, however, fails to allege *any* facts supporting direct infringement by Dr. Amodei. The Court should dismiss the unsupported claim and allow Plaintiffs' allegations against Dr. Amodei to advance under the only appropriate claim for relief: contributory infringement.

A claim of direct copyright infringement has two requirements: (1) ownership of a valid copyright and (2) unlawful copying. *Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). "Contributory copyright infringement, in contrast to direct infringement, 'occurs where []one . . . with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 355 (S.D.N.Y. 2014) (quoting *Capitol Records, LLC v. ReDigi Inc.*, 934 F.Supp.2d 640, 658 (S.D.N.Y.2013)). "If Congress had meant to assign direct liability to both the person who actually commits a copyright-infringing act and any person who actively induces that infringement, [the Patent Act tells us that] it knew how to draft a statute that would have this effect." *Cartoon Network LP, LLP v. CSC Holdings, Inc.*, 536 F.3d 121, 133 (2d Cir. 2008) ("The Patent Act, unlike the Copyright Act, expressly provides that someone who 'actively induces infringement of a patent' is 'liable as an infringer.'"). But Congress did not do so. And the Supreme Court has, in turn, recognized that "[t]he Copyright Act does not expressly render anyone liable for infringement committed by another," *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 434 (1984), "strongly signal[ing] its intent to use the doctrine of contributory infringement, not direct infringement, to 'identify[] the circumstances in which it is just to hold one individual accountable for the actions of another," *Cartoon Network*, 536 F.3d at 133.

Lower courts have honored the Supreme Court's instruction. In *Routt v. Amazon.com, Inc*., for example, the plaintiff sued Amazon for direct copyright infringement based on "unlawful copying not by Amazon, but by its [a]ssociates." No. C12-1307JLR, 2012 WL 5993516, at *4 (W.D. Wash. Nov. 30, 2012). The court dismissed the direct infringement claim against Amazon because the complaint had

3

asserted only "conclusory, formulaic" allegations "with no specificity" regarding any copying by the company. *Id.* Likewise in *Willis*, the plaintiff's claim for direct copyright infringement failed on a Rule 12(b)(6) motion because other entities (rather than the defendants) had allegedly distributed and displayed the work in question. *See Willis v. Tennant,* No. 25-CV-491 TWR (DEB), 2025 WL 2978714, at *7 (S.D. Cal. Oct. 22, 2025). While the plaintiff claimed that the defendants had "engaged in acts" to infringe his rights, the court rejected those allegations as "conclusory statement[s]" insufficient to state a plausible claim. *Id.*

This Court must likewise enforce the fundamental distinction between direct and contributory infringement inherent in the Copyright Act and enumerated in the Supreme Court's caselaw.

The direct infringement claim against Dr. Amodei is legally deficient because the SAC only alleges that **other defendants** "downloaded via torrenting" various "pirate libraries" and other datasets which supposedly contained Plaintiffs' copyrighted works. *See,* SAC ¶¶ 60–65, 70–71, 95–96. **But as to Dr Amodei himself**, the SAC's allegations, without exception, sound only in contributory infringement. The allegations that Dr. Amodei "directed" and "intentionally induced these infringements by Mr. Mann and other Anthropic employees," SAC ¶ 157, only support the contributory infringement claim. *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 ("One infringes contributorily by intentionally inducing or encouraging direct infringement"); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170 (9th Cir. 2007) ("[C]ontributory liability . . . may be imposed for intentionally encouraging infringement through specific acts"); *Disney Enterprises, Inc. v. Hotfile Corp*., 798 F. Supp. 2d 1303, 1308 (S.D. Fla. 2011) (holding that plaintiffs "failed to allege direct copyright infringement" where the complaint had alleged that defendants "encourage[d] the massive infringement" but "nothing in the complaint allege[d] that [defendants] took direct, volitional steps to violate the plaintiffs' [copyrights]" by "upload[ing] copyrighted material"). The allegation that Dr. Amodei "understood" files downloaded by others to be "pirated," (*see* SAC ¶ 73), or "knew" and was "fully aware" that others were "mak[ing] unlawful copies" (*see id*. ¶ 157), likewise goes to contributory infringement. *See Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1372–74 (N.D. Cal. 1995) (holding that "knowledge is irrelevant" to, and insufficient to show, direct infringement; instead analyzing the issue under the appropriate contributory infringement framework). And the allegation that Dr. Amodei "discussed"

4

potential or actual infringement (*see* SAC ¶¶ 5, 63, 71, 73) concerns, at most, the knowledge prong of Plaintiffs' contributory infringement claim.

Direct infringement, meanwhile, requires unlawful copying by Dr. Amodei himself. Paul Goldstein, *Goldstein on Copyright* § 9.1 (2026) ("To prove copying, the plaintiff must show directly or by inference that the defendant mechanically copied the plaintiff's work, such as by photocopying it"). The SAC simply fails to do that as to Dr. Amodei. *See*, *e.g.*, SAC ¶ 74 ("At Dr. Amodei's *direction* and with Dr. Amodei's *express approval*, Mr. Mann *personally engaged in the illegal torrenting* . . .") (emphasis added).

Accordingly, the Court should allow Plaintiffs' allegations against Dr. Amodei to proceed on the contributory infringement claim, but dismiss the unsupported direct infringement claim against him.

**B.      The Court Should Dismiss the Direct Copyright Infringement Claim with Prejudice.**

Courts regularly dismiss claims with prejudice where the plaintiff already had an opportunity to cure a deficiency but failed to do so. *See Welgus v. TriNet Grp., Inc.*, No. 15-CV-03625-BLF, 2017 WL 6466264, at *33 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765 F. App'x 239 (9th Cir. 2019) (granting motion to dismiss without leave to amend, in part because "Plaintiff has evidenced a repeated failure to cure deficiencies by amendments previously allowed").

Plaintiffs have had ample opportunity to plead facts sufficient to allege a direct contributory infringement claim against Dr. Amodei, but have failed to do so repeatedly. On March 24, 2026, undersigned counsel told Plaintiffs that their initial complaint failed to assert a viable direct copyright infringement claim against Dr. Amodei. Yang Decl. ¶ 2. Undersigned counsel further explained that the complaint lacked factual allegations about any unlawful copying by Dr. Amodei himself. Yang Decl. ¶ 2. Yet despite this notice, as well as access to a pre-existing fact record leveraged elsewhere in Plaintiffs' original complaint and two subsequent amendments thereto, Plaintiffs' third try fares no better: the SAC still alleges no facts supporting the notion that Dr. Amodei torrented or otherwise copied Plaintiffs' works. The Court should thus dismiss the direct copyright infringement claim against Dr. Amodei, with prejudice.

**VI.      CONCLUSION**

For the reasons above, Dr. Amodei respectfully requests that the Court dismiss Count I of the SAC as to him.

Dated: August 3, 2026

Respectfully submitted,

**CONRAD | METLITZKY | KANE LLP**

/s/ Grace Yang
GRACE YANG
MIRANDA KANE
HAYK ESAGHOULYAN

*Attorneys for Defendant*
DR. DARIO AMODEI

CASE NO. 5:26-CV-00880-EKL-SVK                    DEF. D. AMODEI'S NOTICE AND PARTIAL MTD