GRACE YANG (CA Bar No. 286635)
MIRANDA KANE (CA Bar No. 150630)
HAYK ESAGHOULYAN (CA Bar No. 349050)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 343-7100
Fax: (415) 343-7101
Email: mkane@conmetkane.com
Email: gyang@conmetkane.com
Email: hesaghoulyan@conmetkane.com

*Attorneys for Defendant*
BENJAMIN MANN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC, PBC, DR. DARIO AMODEI, AND BENJAMIN MANN,<br><br>Defendants. | Case No. 5:26-cv-00880-EKL-SVK<br><br>**DEFENDANT BENJAMIN MANN'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Eumi K. Lee<br>Date: November 4, 2026<br>Time: 10:00 AM<br>Courtroom: 7 – 4th Floor |

By and through his undersigned counsel, Defendant Benjamin Mann hereby answers the Second Amended Complaint for Damages ("SAC"), filed by Plaintiffs Concord Music Group, Inc.; Capitol CMB, Inc. D/B/A/ Ariose Music, D/B/A Capitol CMG Genesis, D/B/A Capitol Paragon, D/B/A Greg Nelson Music, D/B/A Meadowgreen Music Company, D/B/A Meaux Mercy, D/B/A Sparrow Song, D/B/A Worshiptogether.com Songs, D/B/A Worship Together Music; Universal Music Corp. D/B/A Almo Music Corp., D/B/A Criterion Music Corp., D/B/A Granite Music Corp., D/B/A Irving Music, Inc., D/B/A Michael H. Goldsen, Inc., D/B/A Universal – Geffen Music, D/B/A Universal Music Works; Songs of Universal, Inc., D/B/A Universal – Geffen Music Again, D/B/A Universal Tunes; Universal Music – MGB NA LLC D/B/A Multisongs, D/B/A Universal Music – Careers, D/B/A Universal Music – MGB Songs; Polygram Publishing, Inc. D/B/A Universal – Polygram International Tunes, Inc., D/B/A Universal – Polygram International Publishing, Inc., D/B/A Universal – Songs of Polygram International, Inc.; Universal Music – Z Tunes LLC D/B/A New Spring Publishing, D/B/A Universal Music – Brentwood Benson Publishing, D/B/A Universal Music – Brentwood Benson Songs, D/B/A Universal Music – Brentwood Benson Tunes, D/B/A Universal Music – Z Melodies, D/B/A Universal Music – Z Songs; Universal Musica, Inc. D/B/A Universal Music Works; Universal Music Publishing Ltd.; Universal Music Publishing BL Ltd.; Universal Music Publishing MGB Ltd.; Universal Music Publishing International MGB Ltd.; Universal/Dick James Music Limited; Universal/Island Music Ltd.; Universal/MCA Music Ltd.; Universal Music Publishing AB; ABKCO Music, Inc.; and ABKCO Legs Music, Inc., (collectively, "Plaintiffs" or "Publishers"). *See* Dkt. No. 93. Except as expressly admitted, all allegations in the SAC are denied. The various headings and subheadings of the SAC are not allegations and do not require a response. To the extent a response is required, Mr. Mann denies any allegations contained in the headings and subheadings of the SAC.

## NATURE OF THE CASE

1. Mr. Mann admits that Publishers, as referenced in this paragraph, have brought the above-captioned action against him and the other Defendants named in this lawsuit. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to

Publishers. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegation.

2. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

3. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations directed to Anthropic and therefore denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

4. Mr. Mann admits that *Concord Music Group, Inc., et al. v. Anthropic*, *PBC*, 5:24-cv-03811-EKL-SVK and *Bartz v. Anthropic, PBC*, 4:24-cv-05417-WHA ("*Bartz*") are two prior-filed suits against Anthropic, PBC. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them. The remaining allegations in this paragraph also contain legal conclusions to which no response is required.

5. Mr. Mann admits that he gave deposition testimony in *Bartz* concerning the acquisition and use of datasets during his employment at Anthropic. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them. The remaining allegations in this paragraph also contain legal conclusions to which no response is required.

6. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

7. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

8. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including but not limited to allegations concerning Publishers' purported harm, and

therefore denies the allegations. The remaining allegations of this paragraph contain legal conclusions to which no response is required.

9. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The remaining allegations of this paragraph contain legal conclusions to which no response is required.

10. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

11. Mr. Mann admits that Anthropic has publicly released the stated versions of Claude. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

12. Mr. Mann admits that certain restrictions can be placed on the range of outputs produced by an LLM, and that such restrictions are sometimes referred to as "guardrails." Mr. Mann otherwise lacks knowledge or information sufficient to admit or deny the allegations directed to Anthropic, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

13. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations directed to Anthropic, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

14. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations directed to Anthropic, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

15. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations directed to Anthropic, and therefore denies them.

## **JURISDICTION AND VENUE**

16. For the purposes of this action, Mr. Mann does not contest subject-matter jurisdiction. Otherwise, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegation.

17. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations directed to Anthropic, and therefore denies them.

18. For the purposes of this action, Mr. Mann does not contest personal jurisdiction. Otherwise, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegation.

19. For the purposes of this action, Mr. Mann does not contest venue. Otherwise, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegation.

## THE PARTIES

**Plaintiff Concord**

20. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

21. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

**Plaintiff Universal**

22. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

23. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

24. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

25. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

26. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

27. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

28. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

29. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

30. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

31. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

32. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

33. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

34. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

35. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

36. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

37. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

38. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

39. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

**Plaintiff ABKCO**

40. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

41. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

42. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

**Defendant Anthropic**

43. Admitted.

44. Admitted that Dr. Amodei is a co-founder and Chief Executive Officer of Anthropic. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them.

45. Admitted that Mr. Mann is a co-founder and Member of Technical Staff at Anthropic, and that he resides in or around San Francisco.

**PUBLISHERS AND THEIR COPYRIGHTS**

46. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

47. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

48. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

49. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

50. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

51. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

52. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

53. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

54. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

55. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph pertaining to Publishers, and on that basis denies them.

## ANTHROPIC AND ITS INFRINGING CONDUCT

### A. *Anthropic And Its Business*

56. Mr. Mann admits that he co-founded Anthropic with Dr. Amodei and a group of other individuals previously employed by OpenAI. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations directed to Anthropic, and therefore denies them.

57. Mr. Mann admits that Anthropic offers large language models ("LLMs") that are sometimes referred to as "Claude." Mr. Mann admits that Anthropic trains LLMs using collections of text. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them. The remaining allegations contain legal conclusions to which no response is required.

58. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations directed to Anthropic, and therefore denies them.

### B. *Pirate Libraries and BitTorrent*

59. Mr. Mann denies the allegations of this paragraph directed to him. Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph concerning Anthropic or other parties, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

60. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

61. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

62. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. To the extent the allegations in this paragraph purport to quote from the source cited in Footnote 2, Mr. Mann admits that the quoted language appears in that source. Otherwise, denied.

63. Mr. Mann admits that he participated in discussions concerning the acquisition and use of material from LibGen while employed at OpenAI. Mr. Mann admits that he participated in downloading a portion of LibGen while at OpenAI. Mr. Mann otherwise lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

64. Mr. Mann admits that he used BitTorrent to obtain certain materials during his employment at Anthropic. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

65. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

66. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

**C. *Anthropic's Illegal Torrenting of Publishers' Works***

67. Mr. Mann admits that after the 2021 formation of Anthropic, he again obtained certain materials via BitTorrent. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them. The remaining allegations of this paragraph contain legal conclusions to which no response is required.

68. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

69. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations as to the actions of "U.S. legal authorities" in this paragraph, and therefore denies them. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

70. Mr. Mann admits that he used BitTorrent to obtain certain materials during his employment at Anthropic. Mr. Mann also admits that he wrote the "[c]urrently pulling libgen" Slack to the extent that it is quoted accurately in this paragraph. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them. The remaining allegations of this paragraph contain legal conclusions to which no response is required.

71. Mr. Mann admits that he discussed the potential acquisition of LibGen data with Dr. Amodei and other Anthropic colleagues, that Dr. Amodei approved the acquisition, and that Mr. Mann used BitTorrent while employed at Anthropic. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann denies that Anthropic had an Archive Team. Further, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them. The remaining allegations of this paragraph also contain legal conclusions to which no response is required.

72. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Further, Mr. Mann denies any implication that he "shared" a torrent or magnet link to an acquisition payload, rather than a publicly available post about the existence of a corpus. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

73. Mr. Mann denies that the alleged July 2022 torrenting was done at his direction and with his approval, or that he "authorized the decision to proceed," as asserted in this paragraph. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this

paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

74. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

75. To the extent the allegations in this paragraph purport to quote from the source cited in the footnote in the paragraph, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

76. To the extent the allegations in this paragraph purport to quote from the source cited in the footnote in the paragraph, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

77. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

78. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

79. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

80. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

81. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

82. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

83. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

84. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

85. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

86. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

87. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

### D. *Anthropic's Ongoing Copying of Publishers' Works in Scraping, Copying, Physical Books, and AI Training*

88. Mr. Mann admits that Anthropic released several commercial products under the name "Claude." Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

89. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

90. Mr. Mann admits that Claude 4.5 Sonnet, Claude 4.5 Haiku, Claude 4.6 Opus, and Claude 4.6 Sonnet are models released by Anthropic. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

91. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

92. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

93. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

94. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

95. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

96. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

97. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

98. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

99. Mr. Mann admits that Anthropic models are trained on preselected datasets; Anthropic cleans and processes training data to remove material that would detract from the goal of training high-quality models; and many models undergo fine-tuning and reinforcement-learning processes, which may involve human feedback and smaller datasets. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them. The remaining allegations of this paragraph also contain legal conclusions to which no response is required.

100. Mr. Mann admits that Anthropic cleans and processes data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

**E. *Anthropic's Removal of Copyright Management Information During Training***

101. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

102. Mr. Mann admits that he previously worked as Vice President of Research at OpenAI. To the extent the allegations in this paragraph purport to quote from the source cited in the footnote, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

103. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks

knowledge or information sufficient to admit or deny the allegations directed to Anthropic, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

104. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

105. Mr. Mann admits that he participated in a discussion about the tools referenced (Newspaper/Readability/jusText). To the extent the allegations in this paragraph purport to quote from the source cited in the paragraph, Mr. Mann admits that the quoted language appears in that source. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them. The remaining allegations of this paragraph also contain legal conclusions to which no response is required.

106. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

107. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

**F.** ***Anthropic's Continued Exploitation of Publishers' Works in AI Output***

108. Mr. Mann admits that Claude models can generate outputs after training those models with data. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

109. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph also contain legal conclusions to which no response is required. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source.

110. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

111. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Mr. Mann lacks knowledge

or information sufficient to admit or deny the allegations directed to Anthropic or users' desires and therefore denies them. Otherwise, denied.

112. Mr. Mann admits that human inputs can be used as one part of the LLM training process. Otherwise, Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

113. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

114. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

115. Mr. Mann admits that certain restrictions can be placed on the range of outputs produced by an LLM, and that such restrictions are sometimes referred to as "guardrails." Mr. Mann otherwise lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

116. To the extent the allegations in this paragraph purport to quote from the source cited in a footnote, Mr. Mann admits that the quoted language appears in that source. Mr. Mann otherwise lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

117. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

118. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

119. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

120. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

121. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

122. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

123. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

**G. *Anthropic's Profits From Its Infringement***

124. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

125. Mr. Mann admits that Anthropic raised funds from Amazon and Google, among others. Mr. Mann lacks knowledge or information sufficient to admit or deny the specific valuation figures alleged in this paragraph, and therefore denies them. The remaining allegations contain legal conclusions to which no response is required.

126. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

127. Mr. Mann admits that Anthropic offers commercial Claude models to individual and business users through Anthropic's website Claude.ai, and that it currently offers access to some models

for free, subject to a usage cap, and also offers access to increased usage caps at various monthly fees. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

128. Mr. Mann admits that Anthropic offers "Team" and "Enterprise" subscription plans to businesses. Mr. Mann admits that Anthropic offers commercial customers an API service. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

129. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

130. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

**H. *The Continued and Serious Harm to Publishers From Anthropic's Infringement***

131. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

132. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

133. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

134. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

135. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

136. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required.

137. To the extent the allegations in this paragraph purport to quote from an Anthropic document, Mr. Mann admits that the quoted language appears in that source. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

138. The paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations in this paragraph.

139. The paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations in this paragraph.

## CLAIMS FOR RELIEF

### Count I—Direct Copyright Infringement by Torrenting (Against All Defendants)

140. Mr. Mann incorporates by reference his responses to all allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

141. Mr. Mann lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

142. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

143. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

144. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

145. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

146. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

**Count II—Direct Copyright Infringement in Training and Output**

**(Against Anthropic)**

147. Mr. Mann incorporates by reference his responses to all allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

148. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

149. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

150. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

151. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

152. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

153. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

154. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

**Count III—Contributory Infringement by Torrenting**

**(Against Dario Amodei and Benjamin Mann)**

155. Mr. Mann incorporates by reference his responses to all allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

156. Mr. Mann admits that he used BitTorrent to obtain certain materials during his employment at Anthropic, as referenced *supra*. Otherwise, the remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the remaining allegations of this paragraph.

157. Mr. Mann admits that he knew that other Anthropic employees obtained data from "PiLiMi," and that he took part in discussions regarding PiLiMi. The remaining allegations in this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

158. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

159. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

160. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

161. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

162. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

**Count V—Removal or Alteration of Copyright Management Information**

**(Against Anthropic)[1]**

163. Mr. Mann incorporates by reference his responses to all allegations set forth in paragraphs 1 through 139 as if fully set forth herein.

164. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

165. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

166. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

167. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

168. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

169. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

170. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

[1] Following the Publishers' amendment, the SAC no longer refers to a Count IV against any defendant.

171. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

172. The allegations of this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

173. The allegations in this paragraph are not directed to Mr. Mann and contain legal conclusions to which no response is required. To the extent a response is required, Mr. Mann denies the allegations of this paragraph.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

a. In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

b. In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

c. In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

d. In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

e. In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

f. In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

g. In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

h. In response to the Prayer for Relief, Mr. Mann denies that Publishers are entitled to the requested relief, or to any relief whatsoever.

**JURY TRIAL DEMAND**

Mr. Mann demands a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

In further answer to Publishers' allegations in the SAC, Mr. Mann asserts the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise fall on Publishers. Mr. Mann reserves the right to amend and add to these defenses during and after the course of discovery, and does not otherwise knowingly or intentionally waive any applicable affirmative defense. Further, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever.

**First Affirmative Defense**

**(Failure to State a Claim)**

The SAC fails, in either whole or in part, to state a claim upon which relief may be granted and/or allege facts sufficient to constitute any such claim against Mr. Mann.

**Second Affirmative Defense**

**(Fair Use)**

Plaintiffs' claims fail, either in whole or in part, because to the extent there is any copying of Plaintiffs' registered copyrighted works, that copying constitutes fair use given the purpose, object, and transformative nature of any such use.

**Third Affirmative Defense**

**(Invalid Copyright Registrations)**

Plaintiffs' claims are barred, either in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411-412.

**Fourth Affirmative Defense**

**(Works or Elements of Works Not Protectable by Copyright)**

Plaintiffs' claims fail, either in whole or in part, to the extent they claim rights to elements of works or to works which are not protectable under copyright law, such as under the doctrines of scène à faire, merger, the idea/expression dichotomy, or under 17 U.S.C. § 102(b).

**Fifth Affirmative Defense**

**(De Minimis Copying)**

Plaintiffs' claims fail, either in whole or in part, because to the extent there is any copying of Plaintiffs' registered copyrighted works, that copying is *de minimis.*

**Sixth Affirmative Defense**

**(Lack of Statutory or Copyright Standing and Lack of Injury)**

Plaintiffs' claims are barred, either in whole or in part, to the extent that Plaintiffs cannot show, on a work-by-work basis, that Plaintiffs have satisfied each legal prerequisite to asserting copyright infringement or Article III standing, or that any allegedly infringing activity caused injury to Plaintiffs. Plaintiffs' claims are also barred to the extent they cannot show, on a work-by-work basis, that Plaintiffs have ownership or assignable rights to the lyrics for each work. Plaintiffs' claims are also barred to the extent they cannot show, on a work-by-work basis, that Plaintiffs have ownership or assignable rights encompassing any specific act that they contend Mr. Mann committed in violation of 17 U.S.C. § 106.

**Seventh Affirmative Defense**

**(Lack of Knowledge)**

Plaintiffs' claim for contributory copyright infringement by torrenting fails, either in whole or in part, because to the extent that there is any unlawful copying of any of Plaintiffs' registered copyrighted works, Mr. Mann did not know or have reason to know of that copying.

**Eighth Affirmative Defense**

**(Lack of Material Contribution)**

Plaintiffs' claim for contributory copyright infringement fails, either in whole or in part, because, to the extent that there is any unlawful copying of any of Plaintiffs' registered copyrighted works, Mr. Mann did not materially contribute to that infringement.

**Ninth Affirmative Defense**

**(Copyright Misuse/Unclean Hands)**

Plaintiffs' claims are barred, either in whole or in part, by the doctrines of copyright misuse and unclean hands.

**Tenth Affirmative Defense**

**(Waiver, Estoppel, Laches)**

Plaintiffs' claims are barred, either in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, and laches.

**Eleventh Affirmative Defense**

**(Unavailability of Injunctive Relief)**

Plaintiffs' claims fail, either in whole or in part, because Plaintiffs are not entitled to injunctive relief, including because any injury to them is not irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**Twelfth Affirmative Defense**

**(Failure to Mitigate)**

Plaintiffs are barred from recovering damages because of and to the extent they failed to mitigate any of their purported damages.

**Thirteenth Affirmative Defense**

**(No Willful Infringement)**

To the extent Plaintiffs establish any act of infringement as to Mr. Mann, that infringement was not willful. Mr. Mann had and still has the reasonable, sincere belief that the conduct at issue constitutes statutory fair use, and therefore is not an infringement of copyright.

**Fourteenth Affirmative Defense**

**(Innocent Infringement)**

To the extent Plaintiffs establish any act of infringement against Mr. Mann, any such infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

**Fifteenth Affirmative Defense**

**(Unconstitutional Damages)**

Plaintiffs seek damages in violation of the United States Constitution and other applicable law. Any award of statutory or enhanced damages would constitute an unconstitutional penalty under the circumstances of this case, and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards.

**Sixteenth Affirmative Defense**

**(Limits to Statutory Damages Based on the Windfall Principle)**

To the extent Plaintiffs establish any act of infringement, Plaintiffs are at most entitled only to the minimum statutory damages on their claims because they cannot substantiate actual damages on a work-by-work basis and because the actual economic value of the lyrics of an individual work is negligible.

**Seventeenth Affirmative Defense**

**(Limits to Statutory Damages under 17 U.S.C. § 504(c)(1))**

To the extent Plaintiffs establish any act of infringement, Plaintiffs' remedies are limited to the extent they assert works that have either been registered in or sold as a compilation or collective work.

**Eighteenth Affirmative Defense**

**(Due Process Limitations)**

To the extent Plaintiffs seek damages that are disproportionately higher than compensatory damages, Plaintiffs' remedies are limited by the Due Process Clause of the Fifth Amendment.

**Nineteenth Affirmative Defense**

**(Contribution, Double Recovery, Value Already Received)**

To the extent Plaintiffs have already been compensated in relation to the works at issue, Plaintiffs are barred by double recovery.

**Twentieth Affirmative Defense**

**(Statute of Limitations)**

Plaintiffs' remedies are barred either in whole or in part by the applicable statute of limitations.

**ADDITIONAL AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS**

Mr. Mann's investigation of Plaintiffs' claims and their defenses is continuing. Mr. Mann has not knowingly or intentionally waived any applicable defenses and reserve the right to assert additional defenses that may pertain to the SAC and any or all claims for relief therein. Mr. Mann reserves the right to amend his Answer and/or his affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Mann respectfully requests that the Court:

1. Enter judgment in favor of Mr. Mann and against Plaintiffs;
2. Dismiss the SAC with prejudice;
3. Award Mr. Mann attorneys' fees and costs for defending against Plaintiffs' claims;
4. Grant such other and further relief as the Court deems just and equitable.

DATED: August 17, 2026

Respectfully submitted,

**CONRAD | METLITZKY | KANE LLP**

GRACE YANG
MIRANDA KANE
HAYK ESAGHOULYAN

*Attorneys for Defendant*
BENJAMIN MANN