# EXHIBIT A

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

ALEX W. MILLER (*pro hac vice*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

LOUIS W. TOMPROS (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorneys for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiff,

vs.

ANTHROPIC PBC,

Defendant.

Case No. 5:24-cv-03811-EKL-SVK

**DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**

Judge Eumi K. Lee

[N.D. Cal. Civil L.R. 3-12 & 7-11]

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant Anthropic, PBC ("Anthropic") respectfully requests that this Court relate the recently filed actions *Reservoir Media Management, Inc., et al. v. Anthropic PBC*, No. 3:26-cv-12308-AGT (N.D. Cal.) (the "*Reservoir Action*") and *ABG EPE IP LLC, et al.*, v. *Anthropic PBC*, No. 3:26-cv-12473-WHO (N.D. Cal.) (the "*ABG Action*") to the earliest-filed and lowest-numbered action before this Court, *Concord Music Group, Inc. v. Anthropic PBC*, No. 5:24-cv-03811-EKL-SVK ("*Concord I*"), and to the four related actions *Concord Music Group, Inc., et al., v. Anthropic PBC, et al.*, No. 5:26-cv-00880-EKL-SVK ("*Concord II*"), *BMG Rights Management (US) LLC v. Anthropic PBC*, No. 5:26-cv-02334-EKL-SVK ("*BMG*"), *Round Hill Music LP, et al., v. Anthropic PBC*, No. 5:26-cv-08505-EKL-SVK ("*Round Hill*"), *Sony Music Publishing (US) LLC, et al., v. Anthropic PBC, et al.*, No. 5:26-cv-09217-EKL-SVK ("*Sony*") (collectively, "*Related Actions*").[1] For judicial efficiency, and because they center on the same alleged conduct by the same defendant, they should proceed before a single Judge.

The *Reservoir* Plaintiffs filed their complaint on October 21, 2026. *See Reservoir* Compl. The *ABG* Plaintiffs filed on October 23, 2026. *See ABG* Compl. Both sets of plaintiffs are represented by the same counsel as in *Round Hill*. The *Reservoir*, *ABG*, and *Round Hill* plaintiffs agree the *Reservoir* and *ABG Actions* should be deemed related to *Concord I* and the *Related Actions* pursuant to Civil Local Rule 3-12. *See* Declaration of Sonal Mehta. The *Concord I*, *Concord II*, *BMG*, and *Sony* plaintiffs take no position. *See id.*

## ARGUMENT

A party that knows or believes that an action may be related to another "pending in this District . . . must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Civ. L.R. 3-12(b). Actions are related "when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting

[1] Operative complaints for each action: Compl., *Reservoir Action*, Dkt. 1 ("*Reservoir* Compl."); Compl., *ABG Action*, Dkt. 1 ("*ABG* Compl."); Am. Compl., *Round Hill Action*, Dkt. 42 ("*Round Hill* FAC"); Compl., *Sony Action*, Dkt. 1 ("*Sony* Compl."); Am. Compl., *BMG Action*, Dkt. 44 ("*BMG* FAC"); Second Am. Compl., *Concord II Action*, Dkt. 93 ("*Concord* II SAC"); Second Am. Compl., *Concord I Action*, Dkt. 718, 728 ("*Concord I* SAC").

results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). Both are met here.

## I. *Reservoir* and *ABG* Substantially Overlap with *Concord I* and the *Related Actions*

The *Reservoir* and *ABG Actions* involve substantially the same parties, transactions, property, and events as *Concord I* and the *Related Actions*.[2] All seven cases involve music publishers or rights-holder plaintiffs asserting largely identical copyright claims against defendant Anthropic regarding its AI technologies, allegedly infringing conduct, and methods of collection over the same time period.

First, the transactions and events underlying the *Reservoir* and *ABG Actions* are materially the same as the ones already before this Court in *Concord I* and the *Related Actions.* Plaintiffs across all cases, including the *Reservoir* and *ABG Actions*, challenge the same conduct: Anthropic's alleged use of lyrics from copyrighted musical compositions as training data for its Claude models. *See Reservoir Compl.* ¶¶ 3, 8, 30–43, 68; *ABG Compl.* ¶¶ 3, 8, 33-46, 71; *Round Hill* FAC ¶¶ 3, 8, 32–45, 73; *Sony* Compl. ¶¶ 8–10, 91–119; *BMG* FAC ¶¶ 31–47; *Concord II* SAC ¶¶ 88–107; *Concord I* SAC ¶¶ 57–76. This conduct is "center[ed] around the same technology": Anthropic's Claude models. *See, e.g.*, *Pepper v. Apple Inc.*, 2019 WL 4783951, at *1–2 (N.D. Cal. Aug. 22, 2019) (relating cases where the defendant and underlying technology was common to all cases).

Both the *Reservoir* and *ABG Actions* mirror the specific allegations of *Concord I* and the *Related Actions*. All cases allege that Anthropic (i) obtained lyrics from internet sources; (ii) intentionally removed CMI; and (iii) used the lyrics to train Claude, which purportedly generated outputs containing those lyrics. *Compare Reservoir* Compl. ¶¶ 30–67 and *ABG* Compl. ¶¶ 33–70, *with Round Hill* FAC ¶¶ 32–72; *Sony* Compl. ¶¶ 91–137; *BMG* FAC ¶¶ 4–9, 32–51, 56–84; *Concord II* SAC ¶¶ 57–58, 88–123; *Concord I* SAC ¶¶ 57–106, 128–36. The *Reservoir* and *ABG Action* Complaints, similar to *Round Hill, BMG,* and *Concord II*, also claim Anthropic allegedly acquired copyrighted works through torrenting. *See Reservoir* Compl. ¶¶ 39–42; *ABG* Compl. ¶¶ 42–45; *Round Hill* FAC ¶¶ 41–44; *BMG* FAC ¶¶ 4–9; *Concord II* SAC ¶¶ 67-87. The claims in

---

[2] The *Reservoir* and *ABG Actions* rightly identified *Concord I*, *Concord II*, and *BMG* as "related actions against Anthropic for copyright infringement . . . currently pending in this District." *Reservoir* Compl. ¶ 19, ¶ 7; *ABG* Compl. ¶ 22, ¶ 7.

the *Reservoir* and *ABG Actions* are substantially identical to those in *Concord I* and the *Related Actions* and virtually identical to the recently filed First Amended Complaint in *Round Hill*, which was related on September 1, 2026. Related Case Order, *Concord I* (Sept. 1, 2026), Dkt. 792; *compare Reservoir* Compl. and *ABG* Compl., with *Round Hill* FAC.

Moreover, each of these claims are "underlined by the same operative facts." *Pepper*, 2019 WL 4783951, at *1. Both the *Reservoir* and *ABG Actions* expressly incorporate and rely on allegations from the complaints in *Concord I*, *Concord II*, *BMG*, and *Round Hill Actions* as factual support for allegations in their own complaints. *See, e.g.*, *Reservoir* Compl. ¶¶ 54, 58, 60, 64, 68; *ABG* Compl. ¶¶ 57–58, 63, 66, 71. Like *Concord I* and the *Related Actions*, the *Reservoir* and *ABG Actions* specifically plead that Anthropic sourced training data from Common Crawl, the Pile, and YouTube Subtitles, and, as alleged in the *Round Hill*, *BMG*, and *Concord II*, from Library Genesis and PiLiMi. *Compare Reservoir* Compl. ¶¶ 32–43 and *ABG* Compl. ¶¶ 35–46, *with Round Hill* FAC ¶¶ 34–45; *Sony* Compl. ¶¶ 95, 97, 116–19; *BMG* FAC ¶¶ 41–54; *Concord II* SAC ¶¶ 57–78, 95–96; *Concord I* SAC ¶¶ 67–70. The *Reservoir* and *ABG Actions* also allege similar data processing and training methods such as extraction and cleaning tools purportedly used to remove CMI. *Compare Reservoir* Compl. ¶¶ 48–51 and *ABG* Compl. ¶¶ 51-54, *with Round Hill* FAC ¶¶ 50-53; *BMG* FAC ¶¶ 32–34; *Concord II* SAC ¶¶ 95–109; *Concord I* SAC ¶¶ 68–76. And each complaint includes overlapping allegations regarding the efficacy of Claude guardrails in preventing allegedly infringing outputs. *Compare Reservoir* Compl. ¶¶ 52–67 and *ABG* Compl. ¶¶ 55–70, *with Round Hill* FAC ¶¶ 53–60; *BMG* FAC ¶¶ 54–70; *Sony* Compl. ¶¶ 124-125; *Concord II* SAC ¶¶ 109–20; *Concord I* SAC ¶¶ 77–106, 119–27. As a result, the same discovery will be required to address the same "novel and nuanced" factual and legal questions about the copyright implications for Claude's training and outputs. *Zakinov v. Ripple Labs, Inc.*, 2020 WL 2768966, at *3 (N.D. Cal. May 28, 2020).

Second, the *Reservoir* and *ABG Actions* involve the same primary defendant as the other five actions, Anthropic, PBC. It is of no matter that *Concord II* and *Sony* also name two Anthropic executives. Minor differences in parties, alone, are insufficient to defeat relation and this Court has related five cases, some of which name two Anthropic executives and some of which do not.

Like the plaintiffs in the pending actions, the plaintiffs in the *Reservoir* and *ABG Actions* are music publishers or rights holders that claim to own or control copyrights in musical compositions and allege that Anthropic infringed those copyrights through reproduction or distribution of certain song lyrics. *Reservoir* Compl. ¶¶ 1–4, 21–25; *ABG* Compl. ¶¶ 1–4, 24-29. This Court rightly recognized that cases brought by similarly positioned plaintiff music publishers asserting these identical claims against Anthropic are related (even with different music publisher plaintiffs) when it related (over objection) both the *Round Hill* and *Sony Actions* to the earlier filed *Concord I*, *Concord II*, and *BMG Actions*. *See Round Hill Action*, Dkt. 27; *Sony Action*, Dkt. 16; *see also Fin. Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006) (relating cases where the same intellectual property and same defendant was at issue, notwithstanding different plaintiffs).

Third, both cases involve the same category of copyrighted works: musical compositions. Relation remains appropriate even though the *Reservoir* and *ABG Actions* involve, respectively, 853 and 274 different registered works (distinct from the works asserted in *Concord I* and the *Related Actions*). The Local Rules do not require identity of specific property interests—only "substantially the same . . . property." Civ. L.R. 3-12(a). A lack of exact identity of the property is outweighed by overlapping discovery regarding the underlying events to avoid duplication of efforts. For example, in *JaM Cellars, Inc. v. Wine Group LLC*, the court found relation even where the "[trade]marks, and some portion of evidence differ[ed]," because relation would "avoid duplication of labor." 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020). Here, the bulk of the discovery has involved (in *Concord I*) and will involve (in *Concord II*, *BMG*, *Round Hill,* and *Sony*) the technical processes to train Anthropic's models—not the specifics of the asserted musical composition copyrights. *See Pepper*, 2019 WL 4783951, at *1–2.

## II. Separate Proceedings Would Be Unduly Burdensome and Risk Conflicting Results

"[J]udicial economy and the risk of inconsistent results, is by far the more important of the two" considerations for relation. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2012 WL 3757486, at *4 n.10 (N.D. Cal. July 5, 2012). Both counsel strongly in favor of relation here.

The *Reservoir* and *ABG Actions*—like *Concord I* and the *Related Actions*—are about the

novel and complex way that Claude is built and trained, and how copyright law (including the complex doctrine of fair use) applies in the context of Claude's training and allegedly infringing outputs. Those issues should be addressed by a single court, preferably this Court. This Court is already familiar with the key legal and factual issues central to these cases and has already heard dispositive summary judgment and *Daubert* arguments on these complex issues. This Court is currently considering motions to dismiss substantially similar claims in the *Concord II* and *BMG* Actions. Having a different court preside over the *Reservoir* and *ABG Actions* would force the presiding judge to duplicate substantial work. That duplication would at minimum be a waste of judicial resources, and at worst risks inconsistent rulings on the very same conduct and core claims—including fair use as applied to Claude's training, and Section 1202's "double scienter" standard. *See Fin. Fusion*, 2006 WL 3734292, at *3 (finding relation to prevent "unduly burdensome duplication of labor and . . . conflicting results"). The *Reservoir* and *ABG Actions* should be related to *Concord I* and the *Related Actions* to avoid inconsistent results and because "significant economies exist in terms of case management and resolution of motions inextricably tied to an understanding of the technology, platform markets, and the transactions at issue." *See Pepper*, 2019 WL 4783951, at *1.

## CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that the Court find the *Reservoir* and *ABG Actions* related to *Concord I* and the *Related Actions* under Civil Local Rule 3-12(a).

Date: November 3, 2026

Respectfully submitted,

By: */s/ Sonal N. Mehta*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*pro hac vice*)

louis.tompros@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

ALEX W. MILLER (*pro hac vice*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice)*
jared.grubow@wilmerhale.com
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant*
**ANTHROPIC PBC**