United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONCORD MUSIC GROUP, INC., et al.,
Plaintiffs,

v.

ANTHROPIC PBC, et al.,
Defendants.

Case No. 26-cv-00880-EKL

**ORDER REGARDING MOTION TO DISMISS HEARING AND MEET AND CONFER**

Re: Dkt. No. 137

On November 4, 2026, the Court heard argument on motions to dismiss brought by Defendants Dario Amodei and Anthropic. The Court granted Amodei's motion but allowed Publishers to amend the complaint to attempt to cure the pleading deficiencies that were identified in that motion and discussed on the record. *See* ECF No. 137. With respect to Anthropic's motion, the Court ordered the parties to meet and confer in light of the issues raised at the motion hearing. This Order provides additional guidance as to the Court's concern regarding Publishers' claim for direct copyright infringement with respect to outputs (Count II).

In its motion to dismiss, Anthropic argued that the allegations in the second amended complaint "are conclusory and fail to provide even a single example of an allegedly infringing output," and "they fail to identify which of [Publishers'] works were infringed in Claude outputs, as opposed to Claude training." Mot. to Dismiss at 4-5, ECF No. 103. To avoid dismissal, Publishers gave the clear impression that they had a factual basis for alleging that ***all*** 20,517 works that were allegedly used to train Claude were also reproduced in Claude's outputs, constituting separate and distinct acts of infringement. For example, Publishers argued that "Anthropic copies their 20,517 lyrics in training and then outputs 'verbatim' copies of ***those same lyrics***." Opp. at 10, ECF No. 115 (emphasis added) (citing SAC ¶¶ 109, 120, ECF No. 93). Publishers further

argued that "Anthropic generated AI output copying the lyrics to their 20,517 works verbatim and near-verbatim." *Id.* at 17. Finally, Publishers stated: "Anthropic's argument that Publishers do not identify the works that Anthropic infringed via Claude outputs is simply incorrect. Publishers identify those works explicitly. Publishers specify that Anthropic infringed their copyrights in the 'output of its AI models . . . with respect to the 20,517 works identified in Exhibit B.'" *Id.* (quoting SAC ¶ 10). Each statement indicates that all 20,517 works are reproduced to some extent in Claude outputs. The Court assumed that these assertions had some basis. *See* Fed. R. Civ. P. 11(b)(3), (4).

Counsel's statements at the motion hearing cast the complaint in a different light. Now, it appears that Publishers ask the Court to ***infer*** that all 20,517 works have been infringed through Claude outputs merely by virtue of their alleged inclusion in the training process. Yet Publishers have not alleged a single instance of any of the 20,517 works at issue in this case being reproduced as a Claude output. Publishers do not even allege that users prompted Claude for the lyrics to any of the 20,517 works at issue. At the motion hearing, Publishers invoked "information and belief" to support the output claims. But the complaint does not expressly make the output-based allegations on "information and belief." *See, e.g.*, SAC ¶ 10, 12-13, 108-120.[1] Moreover, it is not clear that information-and-belief pleading is permissible under these circumstances. In prior pleadings in the related case, Publishers were able to identify specific acts of alleged output-based infringement. Moreover, the nature of Publishers' output-based claims implies that Publishers (like a third-party Claude user) could use Claude to generate infringing outputs. Thus, it seems implausible that the information at issue is solely in Anthropic's possession.

In sum, the Court is concerned about Publishers' representations in the second amended complaint and the opposition to Anthropic's motion to dismiss. Given the statements at the hearing, it appears that the briefing does not accurately present the issue that the Court must decide with respect to the plausibility of Publishers' output-based infringement claims. The parties shall continue to meet and confer on this issue. The deadline to file a status report is

---

[1] The second amended complaint contains only a boilerplate reference to "information and belief" pleading. *See* SAC at 3.

EXTENDED to November 13, 2026, in light of this guidance and the Veterans Day holiday. Additionally, notwithstanding the ruling on Amodei's motion to dismiss, Publishers need not file an amended complaint until Anthropic's motion to dismiss is resolved.

**IT IS SO ORDERED.**

Dated: November 6, 2026

Eumi K. Lee
United States District Judge