[Counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC, DARIO AMODEI, AND BENJAMIN MANN<br><br>Defendants. | Case Number: 5:26-cv-00880-EKL-SVK<br><br>**JOINT STATUS REPORT PURSUANT TO ECF NO. 141 AND ~~[PROPOSED]~~ ORDER**<br><br>Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen |

Pursuant to the Court's instructions during and following the November 4, 2026 motions hearing, ECF No. 137, and the Court's November 6, 2026 Order, ECF No. 141, Plaintiffs (collectively, "Publishers") and Defendants Anthropic PBC ("Anthropic"), Dario Amodei, and Benjamin Mann (collectively, "Defendants") submit this Joint Status Report.

At the November 4, 2026 hearing, the Court granted Defendant Dario Amodei's motion to dismiss with leave to amend, and separately ordered the Parties to meet and confer as to Defendant Anthropic's motion to dismiss "on the need for additional briefing vs. amending the complaint." ECF No. 137. The Parties have met and conferred. Publishers intend to amend their complaint to address both the Court's ruling granting Defendant Dario Amodei's motion to dismiss with leave to amend, and the Court's guidance with respect to Defendant Anthropic's motion to dismiss. Defendants have not seen Publishers' proposed amendments and therefore reserve all rights to respond to those amendments through a motion to dismiss or as otherwise may be appropriate, while Publishers likewise reserve all rights to respond to Defendants as appropriate.

Accordingly, the Parties have agreed and jointly request that the Court (1) deny Anthropic's motion to dismiss (ECF No. 103) as moot; (2) grant leave for Publishers to amend their complaint as to their direct infringement claim regarding infringing outputs against Anthropic (Count II) and their copyright management information claim under 17 U.S.C. §§ 1202(b)(1), (3) against Anthropic (Count V); and (3) approve the following schedule for Publishers to amend their complaint (as to Count I against Dario Amodei and Counts II and V against Anthropic) and for briefing any subsequent motions to dismiss:

| **Event** | **Deadline** |
|---|---|
| Publishers file amended complaint | December 4, 2026 |
| Defendants respond to amended complaint | January 11, 2027 |
| Publishers oppose motion(s) to dismiss (as necessary) | February 12, 2027 |
| Defendants file reply brief(s) in support of motion(s) to dismiss (as necessary) | March 5, 2027 |
| Hearing on motion(s) to dismiss (as necessary) | March 31, 2027, or a later date at the Court's convenience |

Relatedly, given that the Court's rulings and guidance with respect to the sufficiency of the forthcoming amended complaint in *Concord II* will impact resolution of similar questions with respect to the complaints in the related cases *BMG Rights Management (US) LLC v. Anthropic PBC*, Case No. 5:26-cv-02334-EKL-SVK ("*BMG*") and *Sony Music Publishing (US) LLC, Warner Chappell Music, Inc., et al. v. Anthropic PBC et al.*, Case No. 5:26-cv-09217-EKL ("*SMP-WCM*"), the parties in *BMG* and *SMP-WCM* have separately stipulated to, and the Court has ordered, a stay of the amendment and motion to dismiss deadlines in those cases, pending filing of the amended *Concord II* complaint and resolution of any motions to dismiss that may be filed as to that amended *Concord II* complaint. *See BMG*, ECF Nos. 67, 68; *SMP-WCM*, ECF Nos. 48, 49.[1]

## I. Publishers' Statement

Publishers appreciate the Court's guidance at the November 4, 2026 motions hearing and in the Court's November 6, 2026 Order as to "the Court's concern regarding Publishers' claim for direct copyright infringement with respect to outputs (Count II)." ECF No. 141. With respect to the bases for Publishers' allegations of infringing output in the current *Concord II* Complaint, ECF No. 93, Publishers did not intend to confuse or mislead in the slightest. To the extent there was any confusion, Publishers apologize to the Court for not being clearer. Publishers will amend their Complaint consistent with the Court's guidance and provide additional detail regarding their allegations of infringing output and the specific bases for those allegations.

As the summary judgment record in the *Concord I* case reflects, Anthropic's Claude AI models have generated output infringing Publishers' copyrighted song lyrics in response to a range of queries. In *Concord I*, Publishers identified such infringing Claude output in response to both queries by Publishers and queries by third-party Claude users, each of which provide bases for Publishers' direct infringement claims. In *Concord II*, however, Publishers' Complaint does not

[1] For similar reasons, Anthropic is conferring with the plaintiffs in *Round Hill Music LP, et al. v. Anthropic PBC*, Case No. 5:26-cv-08505-EKL; *Reservoir Media Management, Inc., et al. v. Anthropic PBC*, Case No. 5:26-cv-12308-BLF; and *ABG EPE IP LLC, et al. v. Anthropic PBC*, Case No. 5:26-cv-12473-WHO, about concordant schedule modifications, which it intends to address through stipulation in those cases.

Publishers are not parties to the *Round Hill*, *Reservoir*, or *ABG* cases, nor does Publishers' counsel represent the plaintiffs in those cases, and Publishers do not take any position as to the propriety of any potential schedule modifications in those cases to which Anthropic refers.

cite or rely on infringing Claude output in response to queries by Publishers. Instead, Publishers allege infringing Claude output in response to queries by third-party Claude users. Because those third-party Claude output records are not public, and are within the possession of Anthropic and not Publishers, Publishers make those allegations on information and belief. *See, e.g.*, *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." (citation omitted)).

Publishers endeavored to make this distinction clear in the current *Concord II* Complaint, during the Parties' meet and confer regarding Anthropic's motion to dismiss, and in Publishers' opposition to Anthropic's motion to dismiss. *See, e.g.*, Anthropic's Mot. for Partial Dismissal at 7 (Aug. 3, 2026), ECF No. 103 (noting that Publishers' counsel explained during the pre-motion meet and confer that Publishers "could not identify infringing outputs without discovery," because "any such evidence would exclusively be in Anthropic's possession").

Publishers now understand the Court's stated concerns discussed on the record at the November 4, 2026 hearing and in the Court's November 6, 2026 Order. Publishers will amend their Complaint to directly address those concerns and provide additional specificity regarding their infringing output allegations and the factual bases for those allegations. Publishers maintain that "there is no categorical requirement that a plaintiff must produce the [infringing] work at the motion to dismiss stage"; rather, "[t]he question is whether the complaint alleges sufficient, non-conclusory, non-speculative facts to support a plausible inference that [AI] outputs are substantially similar to plaintiffs' copyrighted works." *Justice v. Suno, Inc.*, 2026 WL 2445362, at *2 (D. Mass. Aug. 20, 2026); *see also, e.g.*, *Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 974–75 (N.D. Cal. 2024). Publishers submit that they are not required to conduct a separate investigation themselves to identify infringing outputs in response to their own prompts in order to state a claim for infringing third-party Claude outputs, where they otherwise plausibly allege infringing outputs on information and belief. *See Justice v. Suno,* 2026 WL 2445362, at *3 n.1 ("[W]hether plaintiffs can now use the AI tool to generate infringing outputs is a separate issue

from whether the AI tool has ever been used by [the defendant] to generate infringing outputs.”).

To the extent that Defendants seek to dismiss Publishers’ amended claims, Publishers look forward to addressing and responding to those arguments in full at the appropriate time.

## II. Anthropic’s Statement

The Court directed “the parties to meet and confer on the need for additional briefing vs. amending the complaint and to file a joint status report.” Dkt. 137. Publishers have used that status report to re-litigate issues raised at the motion to dismiss hearing that will be addressed in forthcoming briefing. Rather than burden the Court with additional argument in a routine scheduling document, Anthropic will address these arguments in full in its anticipated motion to dismiss.

Date: November 13, 2026

Respectfully submitted,

By: /s/ Nicholas C. Hailey
**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Corey Miller
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
corey@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
Thomas A. Harvey (SBN 235342)
Bina G. Patel (SBN 315352)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 772-5795
ef-jgk@cpdb.com
ef-tah@cpdb.com
ef-bgp@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted pro hac vice)
114 West 47th Street

By: /s/ Sonal N. Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*pro hac vice*)
Louis.Tompros@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ALEX W. MILLER ( *pro hac vice* )
alex.miller@wilmerhale.com
JARED V. GRUBOW ( *pro hac vice* )
jared.grubow@wilmerhale.com
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorneys for Defendant Anthropic PBC*

By: /s/ Grace Yang
**CONRAD | METLITZKY | KANE LLP**
GRACE YANG (CA Bar No. 286635)
gyang@conmetkane.com
MIRANDA KANE (CA Bar No. 150630)
mkane@conmetkane.com
FELIPE CORREDOR (CA Bar No. 295692)
fcorredor@conmetkane.com
217 Leidesdorff Street
San Francisco, CA 94111

New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Concord II Plaintiffs*

Tel: (415) 343-7100
Fax: (415) 343-7101

*Attorneys for Defendants Dario Amodei and Benjamin Mann*

**SIGNATURE ATTESTATION PURSUANT TO CIVIL L.R. 5-1(h)**

Pursuant to Civil L.R. 5-1(h), I hereby attest that concurrence in the filing of this document was obtained from the document's signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 13, 2026

*/s/ Nicholas C. Hailey*
Nicholas C. Hailey

**~~[PROPOSED]~~ ORDER**

Pursuant to the Parties' stipulation and joint request, and for good cause, the Court hereby enters the following schedule for amending Publishers' complaint and briefing any subsequent motions to dismiss:

| **Event** | **Deadline** |
|---|---|
| Publishers file amended complaint | December 4, 2026 |
| Defendants respond to amended complaint | January 11, 2027 |
| Publishers oppose motion(s) to dismiss (as necessary) | February 12, 2027 |
| Defendants file reply brief(s) in support of motion(s) to dismiss (as necessary) | March 5, 2027 |
| Hearing on motion(s) to dismiss (as necessary) | March 31, 2027, or a later date at the Court's convenience |

**IT IS SO ORDERED.**

Dated: November 16, 2026

THE HONORABLE EUMI K. LEE
UNITED STATES DISTRICT COURT JUDGE